Case No. 15-6190

(CAPITAL CASE)

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

_____

BRENDA EVERS ANDREW,

*Petitioner-Appellant,*

v.

SCOTT TINSLEY, Warden,
Mabel Bassett Correctional Center

*Respondent-Appellee.*

_____

RESPONSE TO PETITIONER'S PETITION FOR REHEARING

_____

GENTNER F. DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA

JENNIFER L. CRABB, OBA #20546
CAPITAL SUPERVISORY
ASSISTANT ATTORNEY GENERAL

313 NE 21st Street
Oklahoma City, OK  73105
(405) 521-3921 (Voice)/(405) 522-4534 (Fax)
Service email:  fhc.docket@oag.ok.gov
jennifer.crabb@oag.ok.gov

ATTORNEYS FOR RESPONDENT-APPELLEE

MAY 8, 2026

## TABLE OF CONTENTS

**Page**

**STANDARDS FOR REHEARING** .........................................................................2

**I.      THE PANEL COMPLIED WITH THE SUPREME COURT'S REMAND DECISION** .........................................................2

**II.     THE PANEL'S DECISION DOES NOT CONFLICT WITH SUPREME COURT PRECEDENT** ....................................12

**CONCLUSION**..............................................................................................16

**CERTIFICATE OF COMPLIANCE** ..................................................................17

**CERTIFICATE OF SERVICE** ..........................................................................17

**CERTIFICATE OF DIGITAL SUBMISSION**......................................................18

i

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Andrew v. Tinsley*,
 164 F.4th 789 (10th Cir. 2026) .................................................. 1, 4, 6, 9, 10, 12-14

*Andrew v. White*,
 62 F.4th 1299 (10th Cir. 2023) ....................................................................... 11, 13

*Andrew v. White*,
 604 U.S. 86 (2025).............................................................................. 3-6, 9, 13

*Bland v. Sirmons*,
 459 F.3d 999 (10th Cir. 2006)...........................................................................10

*Buck v. Davis*,
 580 U.S. 100 (2017)..................................................................................... 12, 13

*Childers v. Crow*,
 1 F.4th 792 (10th Cir. 2021) ..............................................................................13

*Clark v. Sweeney*,
 607 U.S. 7 (2025)...................................................................................7, 15

*Cullen v. Pinholster*,
 563 U.S. 170 (2011)..................................................................................... 2, 7, 9

*Darden v. Wainwright*,
 477 U.S. 168 (1986)........................................................................................9

*Dunn v. Reeves*,
 594 U.S. 731 (2021)......................................................................................7, 9

*Eze v. Senkowski*,
 321 F.3d 110 (2d Cir. 2003) ...............................................................................15

*Frost v. Pryor*,
 749 F.3d 1212 (10th Cir. 2014)............................................................................7

*Gardner v. Galetka*,
568 F.3d 862 (10th Cir. 2009) ..................................................................15

*Harrington v. Richter*,
562 U.S. 86 (2011) ........................................................................7, 11

*Kansas v. Carr*,
577 U.S. 108 (2016) ......................................................................9, 11

*Kyles v. Whitley*,
514 U.S. 419 (1995) .................................................................. 13, 14

*Lockyer v. Andrade*,
538 U.S. 63 (2003) ........................................................................1, 7

*Mayle v. Felix*,
545 U.S. 644 (2005) ..........................................................................8

*Menzies v. Powell*,
52 F.4th 1178 (10th Cir. 2022) ........................................................7

*Romano v. Oklahoma*,
512 U.S. 1 (1994) .........................................................................9, 11

*Rose v. Mitchell*,
443 U.S. 545 (1979) .........................................................................13

*Sexton v. Beaudreaux*,
585 U.S. 961 (2018) .................................................................. 1, 7, 9

*United States v. Charley*,
189 F.3d 1251 (10th Cir. 1999) .........................................................2

*United States v. Rodriguez-Aguirre*,
108 F.3d 1228 (10th Cir. 1997) .......................................................6, 7

*Wellmon v. Colo. Dep't of,*
*Corrs.*, 952 F.3d 1242 (10th Cir. 2020) ................................. 4, 8, 9 ,15

*Westcot Corp. v. Edo Corp.*,
   857 F.2d 1387 (10th Cir. 1988)....................................................................2, 12

*Yarborough v. Alvarado*,
   541 U.S. 652 (2004)................................................................................13

*Young v. Sirmons*,
   551 F.3d 942 (10th Cir. 2008)..................................................................14

## STATE CASES

*Andrew v. State*,
   164 P.3d 176 (Okla. Crim. App. 2007) ...............................................................13

## FEDERAL STATUTES

28 U.S.C. § 2254.................................................................... 1, 2, 3, 6, 8, 13, 15

## FEDERAL RULES

10th Cir. R. 40.1 ...........................................................................................2

Fed. R. App. P. 40...........................................................................................2

## STATE RULES

Rule 3.5, *Rules of the Oklahoma Court of Criminal Appeals*,
   Okla. Stat. tit. 22, Ch. 18, App............................................................................6

**IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT**

| | | |
|---|---|---|
| BRENDA EVERS ANDREW, | ) | |
| | ) | |
| Petitioner/Appellant, | ) | |
| | ) | |
| -vs- | ) | Case No. 15-6190 |
| | ) | |
| SCOTT TINSLEY, Warden, | ) | Capital Case |
| | ) | |
| Respondent/Appellee. | ) | |

**RESPONSE TO PETITIONER'S
PETITION FOR REHEARING**

On remand from the Supreme Court, this Court held that the Oklahoma Court of Criminal Appeals ("OCCA") reasonably denied Petitioner's claim that the admission of irrelevant evidence deprived her of a fair trial. *Andrew v. Tinsley*, 164 F.4th 789 (10th Cir. 2026). In her rehearing petition, Petitioner makes no attempt to prove otherwise, focusing instead on the panel's proper rejection of her attempts to expand her claim. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003) ("the only question that matters under [28 U.S.C.] § 2254(d)(1) [is] whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law"). Petitioner has failed to satisfy the standards for rehearing by the panel or the Court en banc. *See Sexton v. Beaudreaux*, 585 U.S. 961, 967-68 (2018) (per curiam) (holding that the circuit court committed "fundamental error[]" when it "considered arguments against the state court's decision that Beaudreaux

never even made in his state habeas petition"); *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) ("review under § 2254(d)(1) focuses on what a state court knew and did").

## STANDARDS FOR REHEARING

This Court will grant panel rehearing only if "a significant issue has been overlooked or misconstrued by the court." 10th Cir. R. 40.1(A). This Court will ordinarily grant rehearing en banc only when (1) "necessary to secure or maintain uniformity of the court's decisions", (2) the panel's decision conflicts with a decision of the Supreme Court or "an authoritative decision of another United States court of appeals", or (3) the petitioner presents "one or more questions of exceptional importance." Fed. R. App. P. 40(b), (c). Both panel and en banc rehearing are disfavored. *See* Fed. R. App. P. 40(a) ("rehearing en banc is not favored"); 10th Cir. R. 40.1(A) ("A petition for panel rehearing should not be filed routinely."). Further, a rehearing petition should neither restate arguments already rejected nor introduce new ones. *United States v. Charley*, 189 F.3d 1251, 1264 n.16 (10th Cir. 1999); *Westcot Corp. v. Edo Corp.*, 857 F.2d 1387, 1388 (10th Cir. 1988).

## I.

### THE PANEL COMPLIED WITH THE SUPREME COURT'S REMAND DECISION.

Petitioner first argues that the panel failed to comply with the Supreme Court's decision remanding her case to this Court for further consideration. Petitioner

2

misreads the Supreme Court's descriptions of her arguments as a mandate to ignore 28 U.S.C. § 2254(d) and other settled principles of appellate review. Rehearing is not warranted.

After this Court held that no clearly established federal law supported Petitioner's due process claim, Petitioner presented two questions to the Supreme Court: "[w]hether clearly established federal law as determined by th[e Supreme] Court forbids the prosecution's use of a woman's plainly irrelevant sexual history, gender presentation, and role as a mother and wife to assess guilt and punishment" and cumulative error. *Andrew v. White*, No. 23-6573, Petition for Writ of Certiorari ("Certiorari Petition") at i. Respondent informed the Court that Petitioner's claim was "vastly different" than the one she presented in state court. *Andrew v. White*, No. 23-6573, Brief in Opposition to Petition for Writ of Certiorari ("BIO") at 11. The Supreme Court granted certiorari and reversed on the purely legal question of whether Petitioner's claim was supported by clearly established federal law. *Andrew v. White*, 604 U.S. 86, 87-88, 92-96 (2025) (per curiam).

On remand, Respondent painstakingly detailed the evolution of Petitioner's claim.[1] (Doc. 196 at 14-20; Doc. 220 at 7-20).[2] The panel held that it was required to "review the reasonableness of a state court's ruling 'in light of the arguments the petitioner raised in the state court.'" *Andrew*, 164 F.4th at 797 (quoting *Wellmon v. Colo. Dep't of Corrs.*, 952 F.3d 1242, 1249 (10th Cir. 2020)).[3]

Petitioner argues that the panel failed to follow the Supreme Court's instructions. (Doc. 243-1 at 7-12). Petitioner's argument relies on the Supreme Court's opening recitation of the facts, in which the Court mentioned evidence included in Petitioner's certiorari petition but not her state-court pleadings. (Doc. 243-1 at 7-10 (quoting *Andrew*, 604 U.S. at 87-90)). Petitioner also points to the

---

[1] Petitioner introduces the red herring of exhaustion throughout her rehearing petition. (Doc. 243-1 at 5, 10-11, 21-22). To be clear, Petitioner *has* so transformed her claim that it is unexhausted. *See* (Doc. 196 at 14-20; Doc. 220 at 7-20). But the panel chose to exercise its discretion to deny Petitioner's claim without addressing exhaustion. *Andrew*, 164 F.4th at 794. Thus, although the unexhausted nature of this claim provides an additional reason to deny rehearing, exhaustion is not relevant to Petitioner's complaints about the panel's decision.

[2] Respondent will refer to documents filed in this Court by document number and to pages therein using this Court's CM/ECF pagination.

[3] Petitioner claims Respondent did not "advocate for" the approach taken by the panel. (Doc. 243-1 at 10 n.1). To the contrary, Respondent used large portions of her supplemental briefs explaining the proper scope of Petitioner's claim. (Doc. 196 at 14-20; Doc. 220 at 7-20); *see* (Doc. 196 at 16 (Respondent arguing this Court "must consider both the *cited* instances of allegedly improper evidence and the overall evidence of guilt") (emphasis adopted)).

words, "this record," and "the disputed evidence" in the Court's concluding paragraphs. (Doc. 243-1 at 8-9 (quoting *Andrew*, 604 U.S. at 96)).

Petitioner neglects to mention that after setting out the facts presented at trial, the Supreme Court accurately recounted the disputed evidence that was before the OCCA. *Compare Andrew*, 604 U.S. at 89-90 ("*[o]n appeal*, Andrew argued that the introduction of irrelevant evidence, including evidence 'that she had extramarital sexual affairs with two other men,' that she had 'come on to' another witness's sons, and that she had dressed provocatively at a restaurant" violated due process) (emphasis added) *with* BIO at 12 (describing this same evidence as properly before the Court). Immediately after its discussion about the direct appeal, the Court stated, "[i]n federal court, Andrew reiterated her claim that the admission of *this* evidence" violated due process. *Andrew*, 604 U.S. at 91 (emphasis added).

Further, the dissent noted that Petitioner relied on "certain evidence from the penalty phase, as well as items of guilt-phase evidence she did not challenge on direct appeal." *Andrew*, 604 U.S. at 101 n.1 (Thomas, J., dissenting). The dissent agreed with Respondent that Petitioner's claim, as presented, was unexhausted and concluded that, "Because the Court today does not address exhaustion, the Tenth Circuit is free to do so on remand." *Id*. The majority did not express disagreement with the dissent's assessment. The Court's recitation of the facts did not bind this Court to ignore the procedural posture of Petitioner's claim.

Next, in the closing paragraphs of its opinion, the Court instructed this Court to determine "whether the state court's application of that law [regarding due process] was reasonable." *Id*. at 95-96. It referred generally to "the trial court's mistaken admission of irrelevant evidence" and "the disputed evidence," and used permissive language: "The Court of Appeals . . . *might* consider the relevance of the disputed evidence . . . ." *Id*. at 96 (emphasis added). Finally, the Court remanded "for further proceedings consistent with this opinion." *Id*.

Petitioner reads something into the Court's narrow legal decision that is not there: a mandate to ignore § 2254(d) and other settled principles of law. "The OCCA will review on direct appeal only those objections brought to its attention. *Stouffer v. State*, 2006 OK[ ]CR 46, ¶[ ]126, 147 P.3d 245, 270 [('this Court will not search the record to support the appellant's unsupported assignments of error')]." *Andrew*, 604 U.S. at 101 n.1 (Thomas, J., dissenting); *accord* Rule 3.5(A)(5), *Rules of the Oklahoma Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch. 18, App. (an appellant's brief must "set[] forth **all** assignments of error, supported by citations to the authorities, statutes **and parts of the record**. . . . **Failure to list an issue pursuant to these requirements constitutes waiver of alleged error**.") (emphasis added).

The panel held it could not "fault the Oklahoma court for this approach because we do the same thing." *Andrew*, 164 F.4th at 798 (citing *United States v.*

*Rodriguez-Aguirre*, 108 F.3d 1228, 1237 n.8 (10th Cir. 1997)). Indeed, the principle of party presentation is foundational to our justice system: "In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (per curiam) (quotation marks and citations omitted).

Thus, even on de novo review, the panel would have reasonably declined to consider new evidence and arguments. But as this Court has explained, § 2254(d) "stops just 'short of imposing a **complete** bar on federal court relitigation of claims already rejected in state proceedings." *Frost v. Pryor*, 749 F.3d 1212, 1223 (10th Cir. 2014) (quoting *Harrington v. Richter,* 562 U.S. 86, 102 (2011)) (emphasis added). And "the only question that matters" in this context is "whether a state court decision is contrary to, or involved an unreasonable application of, clearly established federal law." *Andrade*, 538 U.S. at 71.

To answer that question, this Court must "start . . . with the case as it came to the [state] court", *Dunn v. Reeves*, 594 U.S. 731, 740 (2021) (per curiam), and "focus[] on what [the] state court knew and did." *Pinholster*, 563 U.S. at 182. And the panel would have committed a "fundamental error[]" had it "considered arguments against the state court's decision that [Petitioner] never even made in h[er] state [direct appeal brief]." *Beaudreaux*, 585 U.S. at 967-68; *accord Menzies*

7

*v. Powell*, 52 F.4th 1178, 1201-1202 (10th Cir. 2022) ("We review the reasonableness of the Utah Supreme Court's decision based on the arguments presented [there].").

> But we must assess the reasonableness of the state court's decision and no more. This is because "the purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction." *Greene v. Fisher*, 565 U.S. 34, 43, 132 S.Ct. 38, 181 L.Ed.2d 336 (2011) (internal quotation marks omitted). Given that objective, we limit our review to the record before the state court. *Id.* at 44, 132 S.Ct. 38. After all, Section 2254 is a "backward-looking" statute that requires an examination of the state court decision at the time it was made, focusing "on what a state court knew and did." *Id*. And we do not expect state courts to address arguments the parties do not raise. Thus, under Section 2254(d), we review the reasonableness of a state court's decision in light of the arguments the petitioner raised in the state court. *See Wrinkles v. Buss*, 537 F.3d 804, 817 (7th Cir. 2008) (holding that review under Section 2254 is limited to "arguments that were adjudicated on the merits in state court proceedings" and "arguments that were not procedurally defaulted").

*Wellmon*, 952 F.3d at 1249.

Although Petitioner urges this Court to overrule *Wellmon*, she relies on an inapposite case that addresses the habeas statute of limitations. (Doc. 243-1 at 21-22 (citing *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). She has not cited a single case related to § 2254(d) with which *Wellmon* allegedly conflicts, nor attempted to distinguish the Supreme Court cases cited by Respondent. *See* (Doc. 196 at 14-15

8

(citing *Reeves*, 594 U.S. at 740, *Beaudreaux*, 585 U.S. at 967-68, and *Pinholster*, 563 U.S. at 182)). *Wellmon* is consistent with Supreme Court law.

Petitioner also incorrectly argues that the panel failed to consider the alleged errors "within the context of the whole trial." (Doc. 243-1 at 9 (citing *Darden v. Wainwright*, 477 U.S. 168, 178-83 (1986)). *See Andrew*, 164 F.4th at 798-804 (discussing the evidence Petitioner challenged in state court (assigning error to two categories of evidence the OCCA found properly admitted), "the strength of the evidence of guilt," the arguments of the prosecution and defense, the absence of a specific limiting instruction, the aggravating evidence, the lack of connection between the challenged evidence and the aggravating circumstances, and whether the State's evidence was responsive to defense arguments). The panel's opinion is consistent with the Supreme Court's due process cases. *See Kansas v. Carr*, 577 U.S. 108, 122-24 (2016) (denying due process claim related to the admission of prejudicial evidence in capital sentencing trial as "beyond the pale" in light of the strength of the evidence and the jury instructions); *Romano v. Oklahoma*, 512 U.S. 1, 13 (1994) (same); *cf. Andrew*, 604 U.S. at 107 (Thomas, J., dissenting) (noting the absence of "a test for determining when a trial is so infected by prejudicial evidence as to be fundamentally unfair").

The panel simply (and correctly) refused to assign as error evidence Petitioner did not claim (to the OCCA) was erroneously admitted.[4] The panel's decision is consistent with Supreme Court precedent, including the remand decision in this case.

Petitioner also argues that the panel assessed the sufficiency of the evidence, rather than the potential impact of the challenged evidence on the fairness of her trial. (Doc. 243-1 at 12-14). Petitioner claims that, "[h]ad the panel engaged with the

---

[4] Petitioner points to two facts she claims were properly before the panel but not considered. (Doc. 243-1 at 11-12). Petitioner is incorrect. The claim before this Court is a combination of Petitioner's direct appeal Propositions III and VII, with one alleged instance of prosecutorial comment from Proposition XIII. (Doc. 01019741067 at 51-53 (Petitioner's opening brief, explaining that the claim presented to this Court is a combination of Propositions III and VII from her direct appeal). Petitioner's "blank demeanor when questioned at the police station," (Doc. 243-1 at 11), was raised in Proposition IV of Petitioner's direct appeal, which challenged "improper and inadmissible opinion testimony which invaded the province of the jury[.]" D.A. Brief at 42, 46. This evidence was not, in state court, part of the claim before this Court.

Petitioner also claims to have raised evidence of her "attractiveness." (Doc. 243-1 at 12). In her Supplemental Brief, Petitioner pointed to prosecutorial argument that "'she's an attractive woman[.]'" (Doc. 197-1 at 14 (quoting Tr. XVII 4121)). Petitioner now argues she provided the OCCA with a "briefing about Ms. Andrew's appearance" at pages 40-41 of her direct appeal brief. (Doc. 243-1 at 12). Pages 40-41 of Petitioner's direct appeal brief complained about the introduction of evidence regarding the way Petitioner dressed, that someone referred to her as a "'hoochie,'" and that she dyed her hair to please Mr. Andrew's best friend. D.A. Brief at 40-41. The panel *did* consider this evidence. *Andrew*, 164 F.4th at 797. The panel properly refused to consider Petitioner's new argument regarding the prosecutor's reference to her as attractive. *Cf. Bland v. Sirmons*, 459 F.3d 999, 1011-12 (10th Cir. 2006) (finding challenge to jury instructions was not exhausted by direct appeal claim that the prosecutor mischaracterized the instructions).

10

evidence," it would have reached the same conclusion as the OCCA's dissenting judges. (Doc. 243-1 at 13-14).

Petitioner ignores that the question for this Court is whether every fairminded jurist would conclude that she was deprived of a fair trial; the panel was not reviewing her conviction de novo. The opinions of dissenting judges might establish the existence of a fairminded debate. (Doc. 243-1 at 13-14). But if there can be fairminded debate about the fairness of Petitioner's trial, she must lose.[5] *See Richter*, 562 U.S. at 101 ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.").

The panel did not apply a sufficiency-of-the-evidence test. Rather, as the Supreme Court has in other cases, the panel denied relief based on the overwhelming evidence. *See Carr*, 577 U.S. at 122-24; *Romano*, 512 U.S. at 13 (denying due process claim because, *inter alia*, "the other relevant evidence presented by the State was **sufficient** to justify the imposition of the death sentence in this case") (emphasis

---

[5] Indeed, the opinion under consideration was written by Judge Robert E. Bacharach. Petitioner cites Judge Bacharach's earlier dissenting opinion in this case, which acknowledged that a sufficiency analysis would be improper. (Doc. 243-1 at 12 (quoting *Andrew*, 62 F.4th at 1365 (Bacharach, J., dissenting)). That Judge Bacharach wrote the majority opinion after remand is evidence that the panel applied the correct test.

11

added). Petitioner has failed to show that the panel misconstrued this issue or that its decision conflicts with Supreme Court precedent.

Finally, Petitioner's argument that the panel failed to "adequately address the missing limiting instruction" is misplaced. (Doc. 243-1 at 14) (bold removed). Petitioner acknowledges that the panel considered the absence of the instruction; she simply disagrees with its conclusion. (Doc. 243-1 at 14-15). This is not a proper ground for rehearing. *See Westcot Corp.*, 857 F.2d at 1388 ("reiteration of previously rejected legal theories will not prompt a change of mind"). Petitioner has failed to establish that the panel's decision conflicts with the Supreme Court's remand decision.

## II.

### THE PANEL'S DECISION DOES NOT CONFLICT WITH SUPREME COURT PRECEDENT.

Petitioner faults the panel for its "cramped" view of *Buck v. Davis*, 580 U.S. 100 (2017), its refusal to consider a cumulative error claim she did not raise, and its "willingness to find a waiver that the Warden did not assert[.]" (Doc. 243-1 at 15). These arguments are without merit.

*First*, the panel generously considered Petitioner's unexhausted *Buck v. Davis* argument, which was not raised in state court, federal district court, or her opening brief in this Court. (Doc. 220 at 24 & n.11). *See Andrew*, 164 F.4th at 801-02 (addressing *Buck*); D.A. Brief at 38-41, 66-67; (Doc. 01019741067 at 28-53

12

(Petitioner's opening brief in this Court which contains no reference to cases involving racial stereotypes); (ROA at 122-41, 263-77 (same as to Petitioner's habeas petition)); *cf.* 28 U.S.C. § 2254(b) (habeas relief may not be granted for unexhausted claims); *Childers v. Crow*, 1 F.4th 792, 800-01 (10th Cir. 2021) (refusing to consider arguments not made in district court). All other procedural issues aside, the OCCA issued its decision in 2007. *Andrew v. State*, 164 P.3d 176 (Okla. Crim. App. 2007). *Buck* was decided in 2017. Any alleged error in the panel's analysis of *Buck* is irrelevant.[6] *See Yarborough v. Alvarado*, 541 U.S. 652, 660-61 (2004) (the scope of clearly established law is limited to Supreme Court cases in existence when the state court rendered its decision).

*Second*, Petitioner claims *Kyles v. Whitley*, 514 U.S. 419 (1995) required the panel to construct a cumulative error claim she did not raise. (Doc. 243-1 at 20-21). This Court's first opinion addressed ten claims, including cumulative error. *Andrew v. White*, 62 F.4th 1299 (10th Cir. 2023). Petitioner raised cumulative error in her certiorari petition, asking for summary reversal. Certiorari Petition at i, 29-35. The Supreme Court did not mention this request. *Andrew*, 604 U.S. 86.

---

[6] Petitioner cites one pre-2007 case, relied on in *Buck*, regarding racial discrimination. (Doc. 243-1 at 17 (citing *Rose v. Mitchell*, 443 U.S. 545, 555 (1979))). Racial discrimination in the selection of a grand jury, the claim before the Supreme Court there, *see Rose*, 443 U.S. 545, is not at issue in this case.

On remand, this Court directed the parties to "file simultaneous supplemental briefs addressing the impact, on the court of further proceedings in this appeal, of the Supreme Court's" decision. (Doc. 193). Despite the breadth of this invitation, Petitioner did not ask the panel to reconsider its previous denial of her cumulative error claim. (Docs. 197-1, 222-1); *see* (Doc. 221-1 at 6 (Petitioner stating "[t]he *only* question before the Court is whether the State's introduction of irrelevant evidence" rendered her trial unfair) (emphasis added)). Thus, the panel did not reconsider the Court's previous denial of Petitioner's cumulative error claim: "The parties' arguments on remand constrain our review. *See Greenlaw v. United States*, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008) (stating that 'we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present')." *Andrew*, 164 F.4th at 793.

*Kyles v. Whitley*, a case involving the State's failure to disclose evidence favorable to the defendant, does not support Petitioner's position. (Doc. 26 at 12). In such cases, courts must consider the totality of the *withheld* evidence. *Kyles*, 514 U.S. at 440. *Kyles* does not hold that courts must consider evidence or arguments not raised by a party. And this Court has rejected the idea that it must consider all possible issues as part of a cumulative error claim, regardless of their procedural posture. *Cf. Young v. Sirmons*, 551 F.3d 942, 972-73 (10th Cir. 2008) (refusing to

14

consider, as part of cumulative error analysis, issues for which no certificate of appealability was granted).

Petitioner cites no analogous Supreme Court case. Rehearing should be denied. *See Sweeney*, 607 U.S. at 9 (adhering to the party presentation principle).

*Third*, the panel did not *sua sponte* refuse to consider evidence and arguments that were not before the OCCA.[7] (Doc. 243-1 at 22). Although Respondent did not cite *Wellmon*, Respondent *did* argue that this Court's review was limited to the evidence and arguments Petitioner presented in state court. (Doc. 196 at 14-20; Doc. 220 at 20). Respondent's arguments went beyond exhaustion:

> [T]his Court's review is limited to the evidence and argument Petitioner properly presented in state court . . . . *See* 28 U.S.C. § 2254(d); *Dunn v. Reeves*, [citation omitted] ("We start, as we must, with the case as it came to the [state] court."); *Sexton v. Beaudreaux*, [citation omitted] (reversing because, *inter alia*, the circuit court "considered arguments against the state court's decision that Beaudreaux never even made in his state habeas petition"); . . . *Crim v. Harvanek*, 768 F. App'x 815, 820 (10th Cir. 2019) (unpublished) ("Because [the petitioner] didn't raise this specific argument on direct appeal, we decline to address this allegation . . . .").

---

[7] Because § 2254(d) imposes this limit, it would have been proper for the panel to impose it even if Respondent had not invoked it. *See Gardner v. Galetka*, 568 F.3d 862, 879 (10th Cir. 2009) (§ 2254(d) uses "'unequivocally mandatory language'"; its application cannot be waived) (quoting *Eze v. Senkowski*, 321 F.3d 110, 121 (2d Cir. 2003)).

(Doc. 196 at 14-15). *See* (Doc. 220 at 20 ("*Second*, assuming for the sake of argument that Petitioner's claim is exhausted, this Court is still precluded from 'consider[ing] arguments against the state court's decision that [Petitioner] never even made in h[er] state [direct appeal].'" (quoting *Sexton*, 585 U.S. at 967-68))). This contention is meritless.

## CONCLUSION

For the reasons discussed above, Respondent respectfully requests that this Court deny Petitioner's request for rehearing.

Respectfully submitted,

**GENTNER F. DRUMMOND**
**ATTORNEY GENERAL OF OKLAHOMA**

**s/ JENNIFER L. CRABB**
**JENNIFER L. CRABB, OBA #20546**
**CAPITAL SUPERVISORY**
**ASSISTANT ATTORNEY GENERAL**
313 N.E. 21st Street
Oklahoma City, Oklahoma 73105
(405) 522-4423 | (405) 522-4534 (FAX)
Service email: fhc.docket@oag.ok.gov

**ATTORNEYS FOR RESPONDENT**

16

## CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 3,784 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point type.

s/ JENNIFER L. CRABB

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of this Court on May 8, 2026, and for electronic transmission to:

John T. Carlson, carlson@lmwlaw.com
John R. Mills, j.mills@phillipsblack.org

s/ JENNIFER L. CRABB

17

## <u>CERTIFICATE OF DIGITAL SUBMISSION</u>

This is to certify that:

1.     All required redactions have been made and, with the exception of those redactions, every Docket submitted in Digital Form or scanned PDF format is an exact copy of the Docket filed with the Clerk;

2.     The digital submissions have been scanned for viruses with Symantec Endpoint Protection, Updated 5/8/2025, and according to said program, are free from viruses.


<u>s/ JENNIFER L. CRABB</u>

18