**CAPITAL CASE**
UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| BRENDA EVERS ANDREW | ) | Case No. 15-6190 |
| | ) | |
| Petitioner-Appellant, | ) | W. District of Oklahoma |
| | ) | D. Ct. No. 08-cv-00832-R |
| v. | ) | |
| | ) | |
| SCOTT TINSLEY, Warden | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

———————————

**REPLY IN SUPPORT OF PETITION FOR PANEL REHEARING AND
REHEARING *EN BANC***

———————————

John T. Carlson
LANDY LEEDY MCGREEVY WINOCUR
303 Sixteenth Street, Suite 200
Denver, CO 80202
carlson@lmwlaw.com

John R. Mills
Nathalie Greenfield
Jessica Sutton
Sarah Wishingrad
PHILLIPS BLACK, INC.
1721 Broadway, Suite 201
Oakland, CA 94612
j.mills@phillipsblack.org

## TABLE OF CONTENTS

Table of Authorities.................................................................................................ii

I.      The Panel Decision Contradicts *Buck v. Davis* ..................................................2

II.     The Panel Decision Contradicts *Kyles v. Whitley* and Other Fundaamental
        Fairness Precedents.................................................................................................3

III.    Conclusion ............................................................................................................5

Certificate of Compliance ...........................................................................................6

Certificate of Service ...................................................................................................7

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Andrew v. White*,
   604 U.S. 86 (2025) (per cuiram)................................................................2
*Buck v. Davis*,
   580 U.S. 100 (2017)................................................................................2
*Frontiero v. Richardson*,
   411 U.S. 677 (1973)...............................................................................2
*Glossip v. Oklahoma*,
   604 U.S. 226, 250–51 (2025).................................................................4
*Kyles v. Whitley*,
   514 U.S. 419 (1995)..........................................................................3, 4, 5
*Payne v. Tennessee*,
   501 U.S. 808 (1991)................................................................................2
*Romano v. State*,
   909 P.2d 92, 115 (Okla. Crim. App. 1995).............................................4
*Rose v. Mitchell*,
   443 U.S. 545 (1979)................................................................................2
*United States v. Hands*,
   184 F.3d 1322, 1134 (11th Cir.), *corrected*, 194 F.3d 1186 (11th Cir. 1999)................4
*Wellmon v. CDOC*,
   952 F.3d 1242 (10th Cir. 2020) .............................................................1
*Williams v. Taylor*,
   529 U.S. 362, 397–98 (2000)..................................................................3
*Yarborough v. Alvarado*,
   541 U.S. 652 (2004)................................................................................3

ii

On April 27, 2026, Petitioner, Brenda Andrew, sought panel rehearing and rehearing en banc. Doc. 243-1. The following day, the Court ordered a response, which was filed on May 8, 2026. Doc. 248. Ms. Andrew submits this Reply in Support of her Petition.

The State's response to three distinct arguments is, in each instance, the same: whatever Ms. Andrew is arguing now, she did not argue it to the OCCA. That uniformity is not a coincidence. It reflects the weakness of the panel's reasoning, not the strength of the State's. Notably, the State repeats the same analytical error as the panel, conflating *Wellmon*'s argument-scope principle with exhaustion proper, treating as a question of claim preservation what is, in reality, a question about which arguments the OCCA was called on to address. Those are distinct doctrines with distinct consequences, and the State's failure to distinguish them underscores, rather than answers, Ms. Andrew's point.

Ms. Andrew has demonstrated both that she raised her claims before the OCCA and that the Supreme Court's remand instructions required the panel to consider the disputed evidence in full. She has also shown why *Wellmon v. CDOC*, 952 F.3d 1242 (10th Cir. 2020) should be limited or overruled to the extent it prevented that consideration. Doc. 243-1 at 3–11, 17–18.

Ms. Andrew does not abandon these arguments; instead, she narrowly focuses this Reply on two issues that warrant further development. Each issue strikes at the heart of the panel's flawed conclusion that Ms. Andrew's trial was not fundamentally unfair.

### I.     THE PANEL DECISION CONTRADICTS *BUCK V. DAVIS*

The State's only response to Ms. Andrew's *Buck* argument is that *Buck v. Davis*, 580 U.S. 100 (2017) was decided a decade after the OCCA ruled and therefore cannot supply clearly established federal law for AEDPA purposes. That is the right answer to the wrong question: whether *Buck* itself can be the source of clearly established law in this case. But Ms. Andrew is not asking that question, and *Buck* serves no such purpose for her. This does not, however, mean that the principle it embodies was unavailable to the OCCA in 2007.

*Buck* held that dispensing punishment on the basis of an immutable characteristic violates the basic premise of our criminal justice system and that stereotype-based evidence infecting a capital proceeding can be "deadly in small doses." 580 U.S. at 122. Ms. Andrew invokes *Buck* not as a freestanding source of clearly established law, but as the Supreme Court's authoritative articulation of a principle already embedded in pre-2007 precedent. The Court's prior ruling in this very case confirmed that legal principles constitute clearly established federal law under AEDPA "so long as they are holdings of this Court." *Andrew v. White*, 604 U.S. 86, 94 (2025) (per curiam). The cases undergirding *Buck*—including *Rose v. Mitchell*, 443 U.S. 545 (1979), which condemned discrimination based on immutable characteristics as "especially pernicious in the administration of justice," *Frontiero v. Richardson*, 411 U.S. 677 (1973), which recognized sex as an immutable characteristic, and *Payne v. Tennessee*, 501 U.S. 808 (1991), which held that unduly prejudicial evidence can render a trial fundamentally unfair—all predated the OCCA's decision.

2

*Buck* did not create that rule. It lent its name to a legal principle already established: evidence rooted in adverse stereotypes can render a capital proceeding fundamentally unfair.

The State relies on *Yarborough v. Alvarado*, 541 U.S. 652 (2004), for the proposition that clearly established federal law is assessed as of the date the state court rendered its decision. That is sound doctrine, but it cuts against the State here: the pre-*Buck* cases made the immutable-characteristics rule beyond reasonable dispute well before 2007. *Yarborough* limits which cases count; it does not erase the principles on which later cases were built.

## II.    THE PANEL DECISION CONTRADICTS *KYLES V. WHITLEY* AND OTHER FUNDAMENTAL FAIRNESS PRECEDENTS

The panel again refused to assess how the errors pervading Ms. Andrew's trial cumulatively affected its fundamental fairness, claiming it was prevented from doing so. The reality is the opposite: *Kyles v. Whitley*, 514 U.S. 419 (1995) and the broader body of fundamental-fairness cases not only permitted that assessment, they demanded it.

*Kyles* is clear: when a court assesses the prejudice of an error implicating the fundamental fairness of the proceedings, it must conduct "an assessment of the cumulative effect of the evidence." 514 U.S. at 440. This broad assessment of the record, including other sources of irregularities, aligns with the approach the Supreme Court has long required as part of its fundamental fairness inquiries. *See, e.g.*, *Williams v. Taylor*, 529 U.S. 362, 397–98 (2000) (discussing requirement to consider the "totality" of the evidence, "both that adduced at trial, and the evidence adduced in the habeas proceeding" to

determine whether the trial was fundamentally fair); *United States v. Hands*, 184 F.3d 1322, 1134 (11th Cir.), *corrected*, 194 F.3d 1186 (11th Cir. 1999) ("[W]e assess not the prosecutorial misconduct alone, but the combined impact of the errors on the verdict," including "the introduction of highly inflammatory, irrelevant evidence; the nature of the government's case, which depended on the jury's assessment of the relative credibility of the prosecution and defense witnesses; and the additional prejudice created by the prosecutor's misconduct," all of which "add up to a conclusion that the improper admission of evidence was not harmless error"). And that inquiry is entirely separate from a standalone claim of cumulative error. *See Glossip v. Oklahoma*, 604 U.S. 226, 250–51 (2025) (considering fundamental fairness of trial in light of both a due process violation and a state law error (citing *Kyles*, 514 U.S. at 441)).

The panel declined to consider how the sex-stereotyping evidence affected the fairness of Ms. Andrew's trial in light of the other weaknesses in the case. These include the exclusion of witnesses who would have corroborated her account of the events; the introduction of her un-*Mirandized* custodial statement which the State used to make claims about her demeanor; and a drumbeat of evidence that played to sex-based stereotyping. Remarkably, the State concedes that the evidence at issue was raised before the OCCA, yet argues this Court must ignore it because it was presented under a different claim heading. Doc. 248 at 15 n.4. That is the panel's error reproduced, and it fares no better when the State makes it.

But even the OCCA has a contrary rule, which requires review of "the entire record to determine whether the cumulative effect of [the error] prejudiced Appellant." *Romano*

4

*v. State*, 909 P.2d 92, 115 (Okla. Crim. App. 1995). The OCCA's own rule required it to consider the evidence at issue.

Neither the panel nor the State has grappled with what that compounding looks like in this record—and *Kyles* exists precisely because prejudice compounds.

### III.    CONCLUSION

The Court should grant the petition.

Respectfully submitted,

*/s/ John R. Mills*

John T. Carlson
LANDY LEEDY MCGREEVY WINOCUR
303 Sixteenth Street, Suite 200
Denver, CO 80202
carlson@lmwlaw.com

John R. Mills
Nathalie Greenfield
Jessica Sutton
Sarah Wishingrad
PHILLIPS BLACK, INC.
1721 Broadway, Suite 201
Oakland, CA 94612
j.mills@phillipsblack.org

## CERTIFICATE OF COMPLIANCE

I hereby certify that with respect to the foregoing Reply Brief:

(1) all required privacy redactions have been made;

(2) if required to file additional hard copies, that the ECF submission is, with the exception of any redactions, an exact copy of those hard copies;

(3) the foregoing brief and related appendices was scanned for viruses with the most recent version of a commercial virus scanning program, Avast Security, and according to the program is free of viruses; and

(4) I certify that this brief is no longer than 1,500 words and is in 13-point font. This document has been prepared in a proportionally spaced typeface using Microsoft Word.

*/s/ John R. Mills*
JOHN R. MILLS
Attorney

6

## CERTIFICATE OF SERVICE

I hereby certify that all parties to this litigation are either: (1) represented by attorneys; or (2) have consented to electronic service in this case. On May 12, 2026, I electronically filed the foregoing Reply using the ECF system, which will send notification of this filing to the following email address:

Jennifer Crabb, Assistant Attorney General
Email: Jennifer.crabb@oag.ok.gov

Date: May 12, 2026
*/s/ John R. Mills*
JOHN R. MILLS
Attorney

7